MUNICIPAL ASSEMBLY OF SANTA ISABEL, Plaintiff and Appellant, *v.* JOSÉ MANUEL SANTIAGO ET AL., Defendants and Appellees.

No. 4616. Argued July 9, 1928.—Decided July 23, 1928.

*Leopoldo Tormes* for the appellant. *Agustín E. Font* for the appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The plaintiff-appellant alleges that it is the Municipal Assembly of Santa Isabel and is composed of José I. Colón, President, Julio Zayas, Vice-President, José Santiago Rivera,

Mauricio Anes, Miguel Rivera, José Manuel Santiago, Juan José Peña, Emilio Colón and Tomás Santiago, members, and Antonio J. Aponte, Secretary. As stated in the complaint, the defendants are José Manuel Santiago, Emilio Colón, Juan José Peña, Tomás Santiago Maldonado, Agustín Rodríguez, Herminio Rivera, Manuel Valle, Hermenegildo Santiago and Juan Díaz Robledo.

It is worthy of attention that, as appears from the complaint, José Manuel Santiago, Emilio Colón, Juan José Peña and Tomás Santiago Maldonado are, at the same time, a part of the plaintiff entity and personally defendants. As it is alleged that these defendants, in union with others, call themselves the Municipal Assembly of Santa Isabel and perform acts which would be proper for a real municipal assembly, the situation created by the pleadings is of difficult solution for the reason that José Manuel Santiago, Juan José Peña, Emilio Colón and Tomás Santiago Maldonado, as members of the plaintiff assembly, attack the acts of José Manuel Santiago, Juan José Peña, Emilio Colón and José Santiago Maldonado, as part of another body called also the Municipal Assembly of Santa Isabel. This very fact tends to render the litigation more doubtful by the confusion created by such facts.

The plaintiff presented two separate petitions—one for a perpetual injunction and the other for a preliminary injunction, both based on the same allegations.

The plaintiff has alleged in substance that it is the Municipal Assembly of Santa Isabel; that the defendants by agreement assume to be the Municipal Assembly of Santa Isabel, but are not, and in that understanding are holding meetings, adopting resolutions regarding matters concerning the municipality, appointing an acting mayor, making investigations as such assembly, using unlawfully the record books and doing other similar acts; that such conduct demoralizes the administration and may bring about a serious crisis, cause grave injuries to the municipality of Santa Isabel and

take away the powers of the lawful Municipal Assembly; that if that course of action is continued great expenses will be occasioned in lawsuits by or against the municipality; that the plaintiff has no remedy at law. It prays for a writ of injunction against the defendants ordering them to abstain from interfering, calling themselves the Municipal Assembly of Santa Isabel, with the business of said municipality and from disturbing the plaintiff's functions. The difference be- tween the petition for a permanent and that for a prelimi- nary injunction is to be found solely in the kind of remedy sought.

On April 21, 1928, the District Court of Guayama ren- dered judgment denying the petitions for the permanent and the preliminary injunctions. The judgment is accompanied by a statement of facts and opinion.

The basis of the judgment is substantially that the peti- tions for injunction in this case undertake to attack the va- lidity of certain resolutions adopted by the defendants or to contest their rights to hold the offices of members of the Municipal Assembly of Santa Isabel, and in both cases the Municipal Law of Porto Rico gives to the plaintiff remedies other than that by injunction. The cases of *Nieves* v. *Foote*, 30 P.R.R. 760, and *Cupril* v. *Parra*, 33 P.R.R. 720, are cited.

The appeal before us was taken from that judgment and the following two errors are assigned:

"1. The lower court committed error and abused its discretion in holding that in the present case the remedy of injunction did not lie.
"2. The judgment in this case is contrary to the law."

The appellant argues those assignments by explaining points of view and quoting jurisprudence in support of the sufficiency of the petition for injunction, the propriety of the remedy as principal and as auxiliary, the right of municipal officers to avail themselves of that remedy in accordance with the commentators and with state and federal jurisprudence, the equity jurisdiction of the Guayama District Court, and

the availability of the remedy by injunction in similar cases, in accordance with the jurisprudence of other states.

The real point at issue herein is the legality or illegality of holding certain municipal offices by the defendants, and on this basis the equity jurisdiction of the petition to enjoin the defendants from performing acts and adopting resolutions whose legality depends on the degree of legality with which they hold those offices.

Section 65 of the Municipal Law as amended by Act No. 11 of 1924 entitled "An Act to amend sections 9, 10, 14. 15, 16, 17, 22, 26, 27, 28, 29, 30, 31, 33, 34, 35, 40, 42, 43, 44, 45, 46, 47, 51, 55, 61, 65 and 72, and to repeal sections 36, 37, 38, 39, 41, the tenth paragraph of section 54, and section 73 of 'An Act establishing a local government and reorganizing municipal services,' approved July 31, 1919, and subsequently amended," reads as follows:

"That on motion of the aggrieved party the district courts shall have jurisdiction—

"(a) To annul or review by writ of *certiorari* any legislative or administrative act of the municipal assembly, mayor or other municipal officer, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the laws of Porto Rico;

"(b) To stay by injunction the execution of any ordinance, act, resolution or order which infringes rights guaranteed by the Constitution or Insular laws;

"(c) To compel by writ of mandamus a compliance with ministerial duties by municipal officials;

"(d) To grant through ordinary action compensation for damages to parties injured by acts or omissions of municipal officials through malice or inexcusable negligence or ignorance.

"In the first two cases the aggrieved party may only bring his suit within the term of thirty days from and after the date on which the executive or administrative action shall have been performed or the ordinance, action, resolution or order published or communicated to the complainant."

It is perfectly clear that in Porto Rico the remedy of injunction, under the Municipal Law, is granted to stay or pre-

vent the execution of an act, resolution or ordinance which infringes rights recognized by the Organic Act or Insular laws. But it is not allowed to prevent acts or to contest the legality of the holding of municipal offices.

In *Nieves* v. *Foote,* 30 P.R.R. 760, and *Cupril* v. *Parra,* 33 P.R.R. 720, this court established the jurisprudence of this jurisdiction.

In *Cupril* v. *Parra, supra,* it was said:

"Although we agree with the conclusion of the court below in denying the injunction, the ground of the decision is entirely erroneous. The real reason should be that injunction is not the petitioner's proper remedy. In the case of *Nieves* v. *Foote,* 30 P.R.R. 760, the rule was laid down that an injunction, as an equitable remedy, is not the proper remedy against an official or body having authority to remove or enjoin the removal of a public employee, nor against the person appointed in the place of the removed official to restrain him from performing the duties of his office. The reason for this rule seems to be based on the theory that a public office is not a property right which equity can maintain or enforce."

It was likewise held in that case:

"No matter what may be the color of his authority as such mayor, in any event this question could not be determined in injunction proceedings."

The quotation in that opinion from 22 R.C.L., p. 681, is important. For our purpose the first lines thereof are sufficient: "The title to an office cannot be tried by an action in equity aided by injunction."

Neither directly nor collaterally can that right be judged by means of injunction. Such being the legal doctrine, the errors assigned are not such, nor can they be held so in this appeal. We speak of both assignments, because the two errors assigned may be reduced to one and the same.

The judgment appealed from must be affirmed.